# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

IN RE:                                            )
                                                  )
HEALTHESSENTIALS SOLUTIONS, INC.)     CASE NO.: 05-31218(1)(11)
                                                  )
                    Debtor                        )

## MEMORANDUM-OPINION

This matter is before the Court on the Motion of the United States for a Ruling that a False Claims Act Civil Action is Excepted from the Automatic Stay. The Court considered the United States Motion, the Opposition to the United States Motion of the Plan Administrator and the Creditors' Trustee, Stephen D. Sass, LLC ("Creditors' Trustee") and Request for Injunction Pursuant to 11 U.S.C. §105, the Objection of Bruckmann, Rosser, Sherrill & Co. II, L.P. ("BRS") and the comments of counsel at the hearing held April 24, 2007. For the following reasons, the Court **DENIES** the United States Motion.

## LEGAL ANALYSIS

The United States seeks entry of an Order declaring that the automatic stay of 11 U.S.C. §362(a)(1) does not apply to the government's pursuit of a lawsuit under the False Claims Act. 31 U.S.C. §3729-33. At the time the Debtors filed their Petition, there were three False Claims Act lawsuits pending against those Debtors involved in the home healthcare business. In each of these actions it was alleged that the Debtors instructed their employees and/or agents to falsely bill the government for services that were either not performed, for services that were not medically necessary and for services under higher billing codes than the services actually provided. Once the Petition was filed these actions were stayed pursuant to 11 U.S.C. §362(a)(1). The United States now seeks to proceed on these lawsuits under 11 U.S.C. §362(b)(4)(6), as an exception to the

automatic stay as actions to enforce a governmental unit's police and regulatory authority. The government relies on case law which provides that actions sought to stop fraud are excepted from application of the automatic stay. See, United States Ex Rel. Doe v. X, Inc., 246 B.R. 817, 818 (E.D. Va. 2000); United States Ex Rel. Marcus v. MBI, Inc., 142 B.R. 1, 3 (D.D.C. 1992); In re Universal Life Church, Inc. v. United States, 128 F.3d 1294, 1298 (9th Cir. 1997). The government contends it seeks only to fix the amount of the government's claim so that it can pursue collection through the claims process.

It must be noted that the Debtors are no longer conducting business. The Court, therefore, finds no merit in the government's argument that the purpose of the lawsuits is to stop or prevent fraud. This could not be the purpose vis-a-vis these Debtors.

Furthermore, on September 16, 2005, this Court entered an Order approving the terms of a Settlement Agreement under which the United States settled False Claims Act lawsuits against the Debtors for the sum of $1,850,000 to be paid out of the sale of the Debtors' business. In exchange, the United States released the Debtors from further claims. The settlement also provided that the government could file a general unsecured proof of claim and that in the event such a claim was filed and that there were distributions to unsecured claimants

> the United States and the Relators (collectively) shall receive a distribution equal to fifty percent (50%) of the total amount available for distribution to all allowed general unsecured claims. . . .

Department of Justice Settlement Agreement, ¶13. In the unlikely event that allowed unsecured claims are paid in full, the United States is entitled to receive 50% of all amounts distributed to general unsecured creditors, "regardless of the final Allowed Amount of the DOJ Claims that constitute Allowed Class 5 Claims." See, Plan Section 4.5(c)(ii).

On September 28, 2005, the United States filed proofs of claim against the non-settling Debtors in the amount of $120,157,419, plus civil penalties. No objections were raised to this proof of claim. Accordingly, those claims are allowed and are already liquidated.

Pursuant to the above referenced terms of the Settlement Agreement and Plan, the United States will receive at least 50% of any distributions to general unsecured creditors, regardless of the amount the claim is ultimately determined to be, if there is any payment at all. It would be a needless waste of estate assets to litigate the lawsuits for the sole purpose of determining the amount of the government's claim.

Given the terms of the Settlement Agreement and the Plan, and the fact that the Debtors are no longer in business, no legitimate purpose is served by continuation of these lawsuits. In <u>Chao v. Hospital Staffing Services, Inc.</u>, 270 F.3d 374 (6th Cir. 2001), the Court determined that if an action is instituted to protect the government's pecuniary interest in the debtor's property, the action is not excepted from the automatic stay. In this case, the government can only be seeking a large judgment in an effort to better its pecuniary stake in Debtors' estate. For this reason it is not a valid exercise of the police and regulatory powers exception to the automatic stay. The government's Motion, therefore, must be denied.

Finally, because the automatic stay applies to the United States False Claims Act actions, there is no reason for the Court to institute a stay pursuant to 11 U.S.C. §105 as requested by BRS. For this reason, BRS' request for an injunction is also denied.

## **CONCLUSION**

For all of the above reasons, the Motion of the United States for a Ruling that a False Claims Act Civil Action is Excepted from the Automatic Stay is **DENIED**. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| ) | |
| HEALTHESSENTIALS SOLUTIONS, INC.) | CASE NO.: 05-31218(1)(11) |
| ) | |
| _____Debtor_____ ) | |

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion of the United States for a Ruling that a False Claims Act Civil Action is Excepted from the Automatic Stay, be and hereby is, **DENIED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the request of Bruckmann, Rosser, Sherrill & Co. II, L.P. for Imposition of an Injunction Pursuant to 11 U.S.C. §105, be and hereby is, **DENIED**.